IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONIA POLITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE No._____ |
| GC SERVICES LIMITED PARTNERSHIP, ) | |
| ) | *Jury Trial Demanded* |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, TONIA POLITE, Plaintiff in the above-styled civil action, and files this, her Complaint for Damages against Defendant GC SERVICES LIMITED PARTNERSHIP, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* In support thereof, Plaintiff respectfully shows this honorable Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), as the acts and transactions giving rise to Plaintiff's claims occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiff, Tonia Polite ("Plaintiff"), is a natural person who at all relevant times resided in Riverdale, Georgia (Clayton County).

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant, GC Services Limited Partnership ("Defendant") is a Delaware corporate entity that all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

6. Defendant may be properly served with process via its registered agent for service of process, to wit: C T Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes, namely, two

alleged student loans (collectively the "Debt").

10. Plaintiff incurred the obligation to a creditor other than Defendant.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

12. In and about July of 2013, and in connection with the collection of the Debt, Defendant, via its agent and/or employee "Carrie," placed a call to Plaintiff at her place of employment.

13. During the communication that ensued pursuant to Defendant's July 2013 telephone call, Plaintiff explained to Defendant that she was not permitted to receive debt collection calls at her place of employment during business hours, and further, that such calls violated the policies of her employer.

14. Plaintiff spoke with Defendant again on August 5, 2013, via its agents and/or employees "Carrie" and "Hector," and during the parties' communication, demanded that Plaintiff pay $571 per month to avoid garnishment of her wages by Defendant to pay the Debt.

15. Plaintiff responded to Defendant's demand by stating she could only afford to pay $331 per month toward the Debt.

16. The $331 per month offered by Plaintiff was an amount equal to her disposable income as calculated utilizing forms provided to Plaintiff by Defendant.

17. In response to Plaintiff's offer, "Hector" admonished Plaintiff for having high grocery bills, and further, criticized Plaintiff for being irresponsible with her finances.

18. Thereafter, on August 7, 2013 Defendant, via its agent and/or employee "Hester," placed another phone call to Plaintiff at her place of employment.

19. Plaintiff, during the August 7, 2013 communication, again advised Defendant that she was not permitted to receive or engage in such communications at her place of employment during business hours, and stated that she would have to return Defendant's call at a later time.

20. In response to Plaintiff's request to terminate the August 7, 2013 communication, Defendant threatened Plaintiff with immediate garnishment of her wages.

21. Further, during the August 7, 2013 communication, Defendant, via its agent and/or employee "Ms. Amar," stated that if Plaintiff did not communicate with Defendant again that day, a garnishment of her wages would be placed and could not be stopped.

22. Plaintiff called Defendant back during her lunch break on August 7, 2013 and agreed to pay $100 per month toward one of the two accounts comprising the Debt.

23. On August 15, 2013, Defendant, via its agent and/or employee "Rick," placed a call to Plaintiff at her place of employment during business hours and left a voicemail message for Plaintiff.

24. Thereafter, in August of 2013, Plaintiff communicated with "Carrie" and "Hector," and again demanded Plaintiff pay the amount of $571 per month toward the Debt.

25. Plaintiff responded to Defendant's demand by stating she could not afford to pay $571 per month toward the Debt.

26. On September 18, 2013, Plaintiff communicated with Defendant, via its agent and/or employee "Veronica," and again, Defendant demanded Plaintiff pay the amount of $571 per month toward the Debt.

27. Plaintiff responded to Defendant's demand by stating she could not afford to pay $571 per month toward the Debt.

28. In response to Plaintiff's failure to accept Defendant's demand, "Veronica" threatened Plaintiff with immediate garnishment.

29. Also on September 18, 2013, Plaintiff communicated with

Defendant's agent and/or employee "Tim," and again, Defendant demanded Plaintiff pay the amount of $571 per month toward the Debt.

30. Plaintiff responded to Defendant's demand by stating she could not afford to pay $571 per month toward the Debt.

31. Further, Plaintiff stated to "Tim" that she as she had communicated her inability to pay the amount demanded by Defendant on no fewer than six prior occasions, and felt as if she was being harassed by Defendant.

32. Despite Plaintiff's repeated requests for Defendant to cease calling her during her hours of employment, and for the purpose of demanding payment towards the Debt, Defendant placed calls to Plaintiff's cellular phone during her hours of employment on September 27, 2013 at 11:22 A.M., September 27, 2013 at 1:38 P.M., September 30, 2013 at 10:02 A.M., September 30, 2013 at 11:26 A.M., September 30, 2013 at 1:59 P.M., September 30, 2013 at 2:43 P.M., September 30, 2013 at 4:52 P.M., October 1, 2013 at 9:03 A.M., October 1, 2013 at 1:33 P.M., October 2, 2013 at 8:33 A.M., October 2, 2013 at 11:07 A.M., October 3, 2013 at 4:51 P.M., October 4, 2013 at 9:34 A.M., October 4, 2013 at 11:45 A.M., October 4, 2013 at 2:44 P.M., October 7, 2013 at 8:36 A.M., October 7, 2013 at 10:49 A.M., October 7, 2013 at 3:43 P.M., October 8, 2013 at 4:58 P.M., October 9, 2013 at 8:29 A.M., October 9, 2013 at 10:39 A.M., October 9,

2013 at 2:16 P.M., October 9, 2013 at 4:17 P.M., October 10, 2013 at 12:38 P.M., October 10, 2013 at 3:12 P.M., October 15, 2013 at 3:02 P.M., October 17, 2013 at 3:27 P.M., October 18, 2013 at 8:23 A.M., October 18, 2013 at 2:49 P.M., October 18, 2013 at 4:24 P.M., October 21, 2013 at 10:58 A.M., October 21, 2013 at 2:12 P.M., October 21, 2013 at 4:56 P.M., October 22, 2013 at 1:54 P.M., and October 23, 2013 at 3:52 P.M.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

33. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

34. Defendant, by its conduct as described herein, placed calls to Plaintiff at times and at a place known to be inconvenient for Plaintiff in violation of 15 U.S.C. § 1692c(a)(1).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

  d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in

this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and equitable in light of the evidence.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(a)(3)

35. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

36. Defendant, by its conduct as described herein, placed calls to Plaintiff at her place of employment with knowledge that such calls were prohibited by her employer in violation of 15 U.S.C. § 1692c(a)(3).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and equitable in light of the evidence.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692d

37. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

38. Defendant, by its conduct as described herein, engaged in conduct the natural consequence of which was to harass, oppress and abuse Plaintiff in violation of 15 U.S.C. § 1692d.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as

permissible by law; and

f) Awarding such other and further relief as the Court may deem just and equitable in light of the evidence.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692d(5)

39. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

40. Defendant, by its conduct as described herein, placed calls to Plaintiff repeatedly and continuously with the intent to annoy, abuse and/or harass Plaintiff in violation of 15 U.S.C. § 1692d(5)

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and equitable in light of the evidence.

## TRIAL BY JURY

41.  Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: April 25, 2014.

Respectfully submitted,

_____
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
260 Peachtree Street, N.W., Ste. 2201
Atlanta, Georgia 30303
Tel: (844) 534-9984, ext. 301
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

Respectfully submitted,

_____
Craig J. Ehrlich
